### CLOSS et v BALL

Ohio Appeals, 1st Dist, Hamilton Co

No 5332. Decided Feb 14, 1938

Harry R. Weber, Cincinnati, and Bert H. Long, Cincinnati, and Milton Bloom, Cincinnati, for Appellants.

Messrs. Pogue, Hoffheimer & Pogue, Cincinnati, and J. A. Culbertson, Cincinnati, for Appellee.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law from a judgment rendered upon a verdict in favor of the defendant, in an action in which he was charged with wrongfully causing the death of Frederick Closs. Mr. Closs was crossing from the west to the east side of Highway No. 42, when a collision occurred between an automobile operated in a southerly direction on said highway and his person, causing him physical injuries resulting in his death.

At this point in that highway the automobilist and the pedestrian were visible to one another for at least 1000 feet.

The issues presented by the pleadings were negligence and contributory negligence.

It is unnecessary to enter upon an analysis of the evidence on these issues. It is true that one of the errors claimed by the appellants is that there was no evidence of contributory negligence, which is countered by the defendant's claim that the decedent's negligence alone caused the collision. Suffice it to say on these conflicting claims that an examination of the evidence discloses such a conflict not only as to the circumstances, but also as to the permissible inferences that to have withheld either the issue of negligence or contributory negligence from the consideration of the jury would have been clear error.

The presumption of due care by Mr. Closs would operate in favor of the plaintiffs. The burden of proving contributory negligence rested upon the defendant. We cannot say that the judgment should be sustained on the theory that as a matter of law the record shows Mr. Closs' conduct was negligent and that his negligence directly contributed to the collision.

On the other hand, we cannot say that the verdict in defendant's favor is manifestly against the weight of the evidence.

The other errors assigned relate to the special charges and the general charge. We find several of these special charges subject to criticism.

The first of these claimed errors is found in a statement of the court preliminary to the giving of the special charges. This statement is:

"A special charge, as I have stated, is a statement of the law that is thought to cover an aspect of the case and certain facts which are for your consideration, and is a part of the law as given to you by the Court."

The objection to this is, that the court thereby singled out certain "aspects of the case and certain facts" thought to cover same, and thereby over-emphasized them to the jury.

We find no justification for this criticism of the statement. In all instances when the court referred to a particular aspect of the case, in the special charges, it was stated hypothetically and the determination of the fact expressly submitted to the jury for its decision.

The charge is open to criticism in the use of the words "thought to cover". If the jury found the facts in conformity to the hypothesis, then the law did cover that aspect—not merely "thought to cover"—and it was the duty of the court to determine the law and the jury to apply it as stated by the court. However, this objection was not raised and if it had been, it would have been found to be simply an understatement and not an error.

By special charge No. 3, the court instructed the jury that:

"You are instructed that the driver of a motor vehicle on a public highway may rightfully assume the exercise of ordinary care by any person entering the highway, and action by such driver in accordance with such assumption in the absence of notice or knowledge to the contrary is not negligence."

Now, it is true that a person has a right to assume, in the absence of notice or knowledge to the contrary, that others will exercise ordinary care, and, therefore, such person is not negligent in relying upon that assumption, but, of course, it cannot be said, in sweeping terms, that whatever the quality of the action may be in other respects, it is not negligent if it is in accordance with the assumption that others are careful. That seems to be the meaning of this special charge. While this charge should not have been given, we would hesitate before holding that the giving of it was such prejudicial error as to require the reversal of the judgment.

Complaint is made as to special charge No. 6. This charge is:

"You are further instructed that if from the whole evidence adduced at the trial to

show negligence on the part of the defendant and from the whole evidence adduced to show negligence on the part of plaintiff's decedent, you are unable to determine by a preponderance of the evidence whose negligence, if any, proximately caused the death of plaintiffs' decedent, the case remains in equipoise and there can be no recovery."

This charge excludes from consideration all the evidence tending to show due care. The jury was, in effect, told ▓▓▓▓▓▓▓ that in determining whether the evidence had produced a stalemate, it should consider only the evidence "adduced————to show negligence". This was error.

We deem it appropriate to comment on special charges Nos. 11 and 12. These are: "You are instructed that if you find from the evidence that Frederick Closs stepped into or upon the westerly side of the surfaced portion of Route Number 42 when the car of the defendant was in such proximity to Mr. Closs that a reasonably prudent person would have concluded that to continue to drive to the west of the center line of the said highway, that is, to the right of the center of said highway, would have endangered the life and limb of Mr. Closs, or of the driver, then, the court says to you that in such event, the defendant had legal excuse to divert his car to the left or to the east of the center line of said highway, and in such case §6310-17 GC, providing that motor vehicles shall keep to the right of the center of the highway was not applicable."

"You are instructed that if you find from the evidence that Frederick Closs stepped into and upon the westerly side of the surfaced portion of Route Number 42, when the car of the defendant was in such proximity to Mr. Closs that a dangerous situation was thereby created, endangering the life and limb of Mr. Closs and the defendant, or either of them, then, in such event, the court says to you that the defendant had legal excuse to take any action to avoid a collision which any reasonably prudent person might have taken under such situation and §12603 GC, which provides that no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead, would have no application in such situation."

As we view it, these charges were intended as a statement that a failure of the defendant to regard the statute ▓▓▓▓▓ ute under circumstances of emergency created by the violation of a statute by the decedent would not create a liability, if the defendant exercised reasonable care at all times in the situation.

In speaking of the "assured clear distance" provision of §12603 GC, the court in Gumley, Admr. v Cowman, 129 Oh St., 36, at 39 and 40, said:

"However, the plaintiff contends that the foregoing views give the statute an interpretation under which there could never be a recovery by a driver of an automobile that collides with an object in its path. In other words, the single fact that an automobile collides with anything ahead of it would be considered as evidence of negligence on the part of the driver. This court entertains no such views as to the intention of the legislature in enacing this amendment. In attempting to assist in lowering the constantly increasing number of automobile collisions, undoubtedly the legislature did not intend to require drivers to do the impossible. Collisions of this sort may still occur despite the exercise of due care on the part of the driver of the colliding automobile in attempting to observe the statute, and under proper circumstances the questions of proximate cause and negligence on the part of such driver must be submitted to the jury."

The vice of these charges is that they assume that the emergency would be caused by the conduct of Mr. Closs in stepping onto the highway, regardless of all other considerations. They ignore the possibility that Mr. Closs may have looked and concluded, as a reasonably prudent man, that the defendant's automobile was at such a distance that he would have sufficient time to cross to safety if the defendant was proceeding at a lawful rate of speed. Excluding this hypothesis, required a refusal to give the charges. The court erred in giving them.

We find no other error, prejudicial to the appellants.

For these reasons, the judgment is reversed, and the cause remanded for further proceedings according to law.

ROSS, PJ, & HAMILTON, J, concur.